IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SAMUEL HARRIS,**

    Plaintiff,

v.                                                Civil Action No. **3:23CV149**

**GIOVONNIE FAULCON,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Samuel Harris, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. The matter is before the Court on the Motion to Dismiss filed by Defendant Miller. The Motion to Dismiss will be GRANTED.[1]

## I. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling the quotations from Harris's submissions.

than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF RELEVANT ALLEGATIONS

On June 9, 2022, Harris was confined in the Deerfield Correctional Center. (ECF No. 1, at 1–3.) Harris was employed as a wheelchair pusher for inmate Sutton. (*Id.* at 3.) Harris was waiting outside the dining hall while personnel prepared Sutton's meal. (*Id.*) Sergeant Faulcon instructed Harris to get his meal or go back to his building. (*Id.*) Harris replied that he was waiting for Sutton to obtain his meal. (*Id.*) Sergeant Faulcon became angry and ordered Harris to go back to his building. (*Id.*) Harris refused that order. (*Id.* at 4.) Sergeant Faulcon then shoved Harris multiple times. (*Id.*)

Harris asserts that "Sergeant Faulcon has been harassing me and Mr. Sutton long before the assault even happen." (*Id.*)

Harris further alleges:

> Upon information and belief, Sergeant Faulcon worked at Greensville Correctional Center. Upon information and belief, Sergeant Faulcon resigned from Greensville Correctional Center for alleged[] sexual harassment charges against him. Upon information and belief, Sergeant Faulcon has on his record used excessive force and assault charges against inmates. Upon information and belief, Sergeant Faulcon resigned from Greensville Correctional Center and momentarily worked at the Federal Prison. Upon information and belief, Sergeant Faulcon was rehired without a thorough investigation surrounding his history of excessive force and abuse upon inmates. . . . Upon information and belief, Darrell Miller is the Warden of Deerfield Correctional Center when this assault took place. He is legally responsible for the operation and welfare of all the inmates in that prison.

(*Id.* at 5 (paragraph numbers and structure omitted).)

## III. ANALYSIS

To hold Warden Miller liable for Sergeant Faulcon's conduct, Harris "must meet the test for supervisory liability." *Pratt-Miller v. Arthur*, 701 F. App'x 191, 193 (4th Cir. 2017) (citation omitted). Harris must allege facts that establish the following three elements:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). "As to the first element, '[e]stablishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (alteration in original) (quoting *Shaw*, 13 F.3d at 799.) With respect "to the second element, a plaintiff 'may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses.'" *Id.* (quoting *Shaw*, 13 F.3d at 799).

Harris fails to allege facts that establish the first two elements. There are no allegations that plausibly indicate that Warden Miller was aware that Sergeant Faulcon was engaged in conduct that posed a pervasive and unreasonable risk of injury to inmates like Harris. In this regard, Harris does not allege Warden Miller knew Sergeant Faulcon was harassing Harris or had knowledge that Sergeant Faulcon used excessive force against any inmate at Deerfield Correctional Center. Although Harris speculates that Sergeant Faulcon has a record of using excessive force against inmates, he does not allege facts that indicate Warden Miller knew this. Instead, Harris alleges that Warden Miller hired Sergeant Faulcon without a "thorough investigation surrounding [Faulcon's] history of excessive force and abuse upon inmates." (ECF No. 1, at 5.)[2] Harris's allegations fail to plausibly indicate that Warden Miller was deliberately

---

[2] Given the limited force employed here in relation to Harris's refusal to obey a direct order, Harris's assertion that Sergeant Faulcon has a history of using excessive force is merely a

indifferent to any threat posed by Sergeant Faulcon. Accordingly, the Motion to Dismiss, (ECF No. 11), will be GRANTED. Harris's Motion to Defendant's Oppose the Motion to Dismiss, (ECF No. 15), will be DENIED. Harris's claim against Warden Miller will be DISMISSED WITHOUT PREJUDICE.[3] Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

    An appropriate Order will accompany this Memorandum Opinion.

Date: 1/31/24  
Richmond, Virginia

/s/  
John A. Gibney, Jr.  
Senior United States District Judge

---

conclusion and "is not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[3] *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (observing that if a *pro se* complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations (citing *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965))).